**IN THE COURT OF APPEALS OF IOWA**

No. 13-1957
Filed March 12, 2014

**IN THE INTEREST OF F.M.,**
**Minor Child,**

**D.M., Mother,**
**Appellant.**

_____

Appeal from the Iowa District Court for Cerro Gordo County, Annette L.

Boehlje, District Associate Judge.

A mother appeals the termination of her parental rights to her child.

**AFFIRMED.**

Richard N. Tompkins Jr., Mason City, for appellant mother.

Thomas J. Miller, Attorney General, Janet L. Hoffman, Assistant Attorney

General, Carlyle D. Dalen, County Attorney, and Nichole Benes, Assistant

County Attorney, for appellee State.

Mark Young, Mason City, attorney and guardian ad litem for minor child.

Considered by Danilson, C.J., and Vaitheswaran and Mullins, JJ.

**VAITHESWARAN, J.**

A mother appeals the termination of her parental rights to her child, born in 2004.[1]  She contends the district court should have afforded her six additional months to work toward reunification.  On our de novo review, we disagree.

In 2011, the Department of Human Services received a complaint that the mother used methamphetamine while caring for her child.  The agency began an investigation that resulted in a founded child abuse report.  The mother agreed to participate in services to address her addiction.  The child remained in her care.

Almost one year later, the mother tested positive for methamphetamine in her system.  The State filed a petition to have the child adjudicated in need of assistance.  The petition was granted and services to the family continued, with the child remaining in her parents' home.

Meanwhile, earlier concerns about domestic violence resurfaced.  The child was removed from the parents' care and was placed in foster care.

The mother continued to use methamphetamine.  In mid-2013, more than two years after the department initiated treatment services, the mother appeared at a hearing while under the influence of methamphetamine.  Shortly thereafter, she was expelled from an inpatient substance abuse treatment program.  This was her second expulsion in as many years.

At the termination hearing, a service provider testified the mother's substance abuse issues remained "unresolved."  She cited the mother's admission to methamphetamine use just one week prior to the hearing.  In her view, there was no reason to extend the time for reunification.

---

[1] The father consented to termination of his parental rights.

A department child protective worker seconded this opinion, noting the absence of "significant progress" in the two years preceding the hearing. A department social worker added that "substance abuse [was] a huge problem" that precluded the child's return to the mother's care.

The mother did not dispute the social worker's opinion or the vast majority of the State's evidence. She declined to attend most of the termination hearing and, when she testified, she simply asked for a six-month extension. *See* Iowa Code § 232.104(2)(b) (2013). The district court refused the request, reasoning the mother "had over two years to address her methamphetamine problem" and had "not been able to do so successfully yet." The record fully supports this conclusion and reasoning.

We affirm the district court's termination of the mother's parental rights to the child.

**AFFIRMED.**